UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:18-cr-00182-LEW |
| ) | |
| MICHAEL RINGER, ) | |
| ) | |
| Defendant | |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE
AND MOTION TO APPOINT COUNSEL**

On April 14, 2023, I sentenced Defendant Michael Ringer to a 24-month term of imprisonment following revocation of his supervised release. On August 14, 2023, Defendant filed a letter with the Court requesting compassionate release because his adult daughter has experienced a traumatic brain injury and he is needed at home. Def.'s Mot. Red. Sent. (ECF No. 68).[1]

Although Defendant has not requested the appointment of counsel, I observe that Defendant is not entitled to counsel on this matter. "There is no right to counsel in postconviction proceedings," *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019), including a motion for a reduced sentence, *see United States v. Gutierrez*, No. CR 06-40043-FDS-2, 2020 WL 1667710, at *2 (D. Mass. Apr. 3, 2020). Instead, "the appointment of counsel [on a post-conviction motion] must rest in the discretion of the court." *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir. 1965). When determining whether an indigent

---

[1] Defendant's motion may or may not be procedurally proper. Defendant states in his letter that he has requested early release from the warden of his facility, but it is unclear when. Assuming he did request release from the warden, it is unclear whether he waited 30 days for a response. *See* 18 U.S.C. § 3582(c)(1)(A).

defendant is entitled to counsel on a post-conviction motion, courts often look to the three-part test for whether to provide court-appointed counsel in the analogous habeas corpus context. *See, e.g.*, *United States v. Pinkham*, No. 2:15-CR-00128-JDL, 2020 WL 7753968, at *2 (D. Me. Dec. 29, 2020) (citing *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993)). This test asks whether the defendant has "a fair likelihood of success on" his claim, whether the issues raised are "factually complex and legally intricate," and whether "the facts are largely undeveloped." *Mala*, 7 F.3d at 1063–64.

Defendant's motion rests on health issues experienced by family members. Whether Defendant ultimately is entitled to a reduced sentence turns not on arcane legal tests, but on the straightforward determination of whether the hardship that Defendant faces outweighs the harms to society—both concrete and abstract—of cutting short the sentence of incarceration so soon after it was imposed. *See* 18 U.S.C. § 3582(c)(1)(A) (articulating standard for compassionate release). Given the issue presented, Defendant is not entitled to a court-appointed attorney.

As for the merits of the request, a district judge does not have freewheeling authority to "vacate, alter, or revise a sentence previously imposed," and is empowered to do so only in certain "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). By law, "[t]he court may not modify a term of imprisonment once it has been imposed except [for certain prescribed reasons]." 18 U.S.C. § 3582(c). For present purposes, I am authorized to reduce Defendant's sentence only if "extraordinary and compelling reasons warrant" such a reduction when considered

alongside the general sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Although the circumstances described by Defendant are indeed unfortunate, even if it could be said that the circumstances are extraordinary and compelling[2] a reduced sentence is not appropriate based on the sentencing factors laid out in § 3553(a).  Of note, Defendant proved himself to be unmanageable on supervised release by repeatedly failing to report to his probation officer, by consuming alcohol, by repeatedly failing to submit to or pass drug tests, and by committing violations of state law in the bargain.  The roughly seven months that Defendant has served following his arrest do not suffice to reflect the seriousness of his violations or promote respect for the law.  Nor would they provide just punishment or adequate deterrent effect.  Furthermore, a reduction in Defendant's sentence would require a renewed period of supervised release given his past behavior, but Defendant has demonstrated that he is not a suitable candidate for supervised release.  Lastly, when I consider the threat Defendant poses to his community, I am unable to say that this factor favors his request given the circumstances that gave rise to the revocation of his supervised release.

Defendant's requests for compassionate release is DENIED.

**SO ORDERED.**

Dated this 20th day of October, 2023

                                                       /s/ Lance E. Walker  
                                                      UNITED STATES DISTRICT JUDGE

---

[2] *But see United States v. Barlow*, No. 7:19-cr-24-4, 2023 WL 2755598, at *3 (W.D. Va. Mar. 31, 2023) (explaining that court generally deny compassionate release when there is another suitable caregiver for a dependent child or incapacitated adult).